NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JANE JAEGER, Individually and as Mother and Natural Guardian of HEIDI MARIE JAEGER, a minor and DONALD JAEGER, Individually,<br><br>Plaintiffs,<br><br>v.<br><br>SCHERING CORPORATION and SCHERING-PLOUGH CORPORATION,<br><br>Defendants. | **Hon. Dennis M. Cavanaugh**<br><br>**OPINION**<br><br>Civil Action No. 07-3465 (DMC) |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion to remand pursuant to 28 U.S.C. § 1447 by Plaintiffs Jane Jaeger, Individually and as Mother and Natural Guardian of Heidi Marie Jaeger, a minor and Donald Jaeger, Individually (collectively "Plaintiffs"). Pursuant to Rule 78 of the Federal Rules of Civil Procedure, no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that Plaintiffs' motion to remand is **denied**.

**I.   BACKGROUND**

On June 28, 2007, Plaintiffs filed the Complaint in the Superior Court of New Jersey, Law Division, Essex County, alleging personal injury claims resulting from Jane Jaeger's mother's, Mary Ellen Jordan, ingestion of Synestrol (dienestrol), a prescription drug manufactured by Defendants. On or about July 2, 2007, Plaintiffs' counsel, Ellen Relkin,

forwarded a copy of the Complaint to two of Schering Corporation's ("Defendants") former outside counsel and inquired whether Defendants were interested in pursuing alternative dispute resolution. (Relkin Ex. 2; Stanley Aff.). Relkin's letter states that she would be "formally serving the complaint." (Relkin Ex. 2).

The Track Assignment Notice ("TAN") was issued by the Superior Court on July 3, 2007, so Plaintiffs were required to serve the Summons on Defendants on or before July 18, 2007 to avoid becoming subject to a motion to dismiss. On July 17, 2007, Defendants' counsel, David E. Stanley, emailed Relkin requesting that she forward copies of the medical records to his attention so he could respond to her. Relkin replied to Stanley's email on July 19, 2007, at which time the matter was already subject to a Motion to Dismiss for failure to serve within fifteen days of the TAN. (Stanley Aff.). Relkin asked Stanley to agree that Defendants would not "raise objections as to delayed service" pending review of the medical records. See id. Believing that Relkin was asking Defendants to temporarily forego a motion to dismiss, Stanley agreed that Defendants would "raise no objections," provided process was served on or before September 3, 2007. Mention was never made regarding whether Defendants would remove the current case.

Pursuant to 28 U.S.C. § 1441(b), Defendants filed a Notice of Removal in the Federal District Court for the District of New Jersey on July 25, 2007. Plaintiffs did not serve the Summons and Complaint on Defendants until August 27, 2007 – more than a month after Defendants removed the matter to this Court.

**II.     DISCUSSION**

Civil actions filed in state court are generally removable to district court in cases in which "the district courts of the United States have original jurisdiction," unless "otherwise expressly provided by an Act of Congress." 28 U.S.C. § 1441(a). "Thus, an action based on state law . . . is removable to federal court when (1) the district court would have original diversity jurisdiction (because the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between the plaintiffs and defendants), and (2) when none of the parties properly joined and served at the time of the removal are residents of the forum state." Thomson v. Novartis Pharms. Corp., No. 06-6280, 2007 WL 1521138 at *2 (D. N.J. May 22, 2007) (internal citations omitted).

**A.     Removal Under 28 U.S.C. § 1441(b)**

28 U.S.C. § 1441(b) provides that a civil action involving diversity of citizenship between the parties "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). Specifically, in the Federal District Court for the District of New Jersey, however, "removal is prohibited only where a defendant, who is a resident of the forum state, has been 'properly joined *and served*.'" Thomson, 2007 WL 1521138 at *4 (emphasis in original); see also Frick v. Novartis Pharms. Corp., No. 05-5429, 2006 WL 454360 (D. N.J. Feb. 23, 2006).

In an unpublished decision in Thomson, the defendants removed the matter before the plaintiffs were served with process. The plaintiffs filed their complaint in state court on December 19, 2006. See 2007 WL 1521138 at *1. The plaintiffs submitted an affidavit stating that they attempted to effectuate service on five separate occasions between December 22-29,

2006, but no one was available to accept service during that period. See id. On December 29, 2006, before being served with process and unaware of the plaintiffs' attempts to serve, the defendants removed the matter. See id. On January 2, 2007, plaintiffs served the summons and complaint on the defendants. Id. The defendants argued that removal was proper because they were not yet served when they filed the notice of removal and, therefore, the limitation of 28 U.S.C. § 1441(b) was inapplicable. See id. at *2. The Thomson court agreed and denied plaintiffs' motion for remand "as the plain reading of § 1441(b) and a straightforward application of it in this case warrants denial of [the plaintiffs'] motion." Id. This conclusion is supported by considerable persuasive authority from other districts. See, e.g., McCall v. Scott, 239 F.3d 808, 813 n.2 (6th Cir. 2001); Clawson v. FedEx Ground Package Sys., Inc., 451 F. Supp. 2d 731, 736 (D. Md. 2006); Test Drilling Serv., Co. v. Hanor Co., 322 F. Supp. 2d 953, 957 (C.D. Ill. 2003); Stan Winston Creatures, Inc. v. Toys "R" Us, Inc., 314 F. Supp. 2d 177, 181 (S.D.N.Y. 2003); In re Bridgestone/Firestone, Inc., 184 F. Supp. 2d 826, 828 (S.D. Ind. 2002); Ott v. Consol. Freightway Corp., 213 F. Supp. 2d 662, 665 (S.D. Miss. 2002).

Plaintiffs' reliance on Pullman Co. v. Jenkins, 305 U.S. 534 (1939), is misplaced because Plaintiffs concede that this case predates the enactment of 28 U.S.C. § 1441(b) – the same statute that Plaintiffs claim entitle them to remand. Congress clearly indicated their intention that an action is "removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). Furthermore, unlike in the current case, the parties in Pullman lacked complete diversity of citizenship. Therefore, this Court must give effect to the literal interpretation in the absence of a

contrary Congressional intent and reject Plaintiffs' attempt to ignore the plain language of the statute and circumvent Congress's express intention.

### B. Plaintiffs' Policy Arguments

Plaintiffs contend that "large corporate defendants with vast financial resources such as Schering[] could easily monitor court dockets and immediately remove diversity cases prior to service. Defendants would thereby be able to prevent any plaintiff from pursuing a state court action against them . . . ." (Pl.'s Br. at 10). Plaintiffs further argue that this practice "would be particularly easy in New Jersey . . . due to New Jersey's track assignment number (which can be issued ten days from filing of the complaint) prior to serving the complaint and 'creates a window during which a New Jersey defendant can remove a case prior to service, thereby escaping the removal limitation of § 1441(b).'" (Pl.'s Br. at 10). Courts in the District of New Jersey have repeatedly rejected this argument, however, holding that "these arguments alone are insufficient to overcome the requirement that this Court give meaning to the plain language of the statute . . . To adopt plaintiffs' arguments here would read the words 'and served' out of the statute." Thomson, 2007 WL 1521138 at *4; see also Frick, 2006 WL 454360, at *2.

As Plaintiffs have indicated, various district courts have decided this issue differently. In the current case, however, it is clear that removal was proper pursuant to 28 U.S.C. § 1441. Plaintiffs argue that the procedural limitation in § 1441(b) precluded removal because Defendants are New Jersey domiciliaries. This limitation, however, only applies to a case in which an in-state defendant has been "properly joined and served." Id. In the current case, there is no dispute that Defendants were not served at the time the removal was filed. Accordingly,

there is no applicable limitation on Defendants' right to remove the matter to this Court and, therefore, Plaintiffs' motion to remand is **denied**.

### III. CONCLUSION

For the reasons stated, it is the finding of this Court that Plaintiffs' motion to remand is **denied**. An appropriate Order accompanies this Opinion.

                                                          S/ Dennis M. Cavanaugh
                                                      Dennis M. Cavanaugh, U.S.D.J.

Date:       October 25, 2007
Orig.:      Clerk
cc:         Counsel of Record
            The Honorable Mark Falk, U.S.M.J.
            File

6